ED HUMPHREY v. THE STATE.

No. 11630.   Delivered May 16, 1928.
Rehearing denied June 23, 1928.

The opinion states the case.

*Jones & Jones* of Mineola for appellant.

*A. A. Dawson* of Canton, State's Attorney for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, three years in the penitentiary.

No brief appears on file for the appellant. From the evidence it appears that the burglarized house belonged to W. R. Speights, and the indictment charged the entry of a house belonging to said Speights, and the purpose on the part of the alleged burglar to take from said house property therein being and belonging to said Speights, from his possession, etc. We find in the statement of facts no testimony combating that of the State except that appellant introduced an affidavit made by one Junius Speights, a son of W. R. Speights, said Junius having testified for the State herein. The effect of the affidavit if true would have been to discredit the testimony given by said Junius, and if true would have shown that said Junius gave to appellant on the night of the alleged burglary, and just prior to the time the store house in question was closed for the night, the money and checks which were claimed to have been taken from the house by the alleged burglar, and which were found the next day in the possession of appellant.

There are a number of bills of exception in the record, each of which we have carefully considered. We think the indictment sufficiently charged an offense, and was not open to the objection raised thereto, nor did the court err in refusing the request for a peremptory instruction in favor of the accused. A number of the bills of exception complain of various parts of the charge of the court, a discussion of which would not serve to bring out any new proposition of law. That Mr. W. R. Speights was engaged in business in the house in question, and that he ran the business, and was the manager and had control of it, appears from his testimony. That the business in fact belonged to his son, R. T. Speights, who seemed to be in ill-health and to have looked to his father for the management and control of the business, seems also without dispute.

Authorities are numerous to the effect that the use of the word "break" in an indictment for burglary, sufficiently charges an entry by force.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant files a most persuasive motion for rehearing and argument in support thereof based upon the contention that the undisputed evidence shows the house burglarized

to have been in the possession of R. T. Speights, the real owner of the business; and not in W. R. Speights, who was alleged in the indictment to have been in possession, and claimed by the state to be the special owner. If appellant's contention is sound, then the judgment must be reversed for variance between the allegation and the proof. It is true that R. T. Speights was present and aided in conducting the business on the very day preceding the night on which the burglary occurred. He balanced the cash and locked up the store when it was closed for the night. He testified that his father W. R. Speights was manager of and in control of the business. Upon that point W. R. Speights testified as follows:

*"I run a grocery business there. I am the manager of that business and control it. I do the buying and hiring and firing, etc. In other words I am in control of the business. It is R. T. Speights'* business. R. T. Speights is my son. *He has been in bad health since after his mother died up until here lately. Of course he is not stout yet; been in bad health and treated quite a while* by doctors and would go out and sit a while at one place. It just seems like his memory got off for quite a while. I was running that business there on or about the 15th day of November, 1926."*

"The business belonged to Roger Speights; R. T. Speights. It is in his name. He worked in there himself; since he has been able he has. He was working there at that time. He has been working there for some time most of the time. His work there in the store is the only occupation he has, helping operate the store. He doesn't work for anybody else. On this identical day he was at work there in the store. He checked up that night."

It is apparent that R. T. Speights had been in poor health and the management of the business had been put in the hands of his father. This management was still in force when the burglary occurred. Because R. T. Speights was present working in the store, aided in checking up the cash and closing the store, in our opinion forms no sufficient basis to support a holding by this court that as a matter of law the "undisputed" evidence shows possession to have been in him to the exclusion of his father. The evidence may have been sufficient to raise an issue upon the question which the court could have been called upon to submit to the jury by proper request, but this was not made. We feel unauthorized to revise our former opinion on the grounds urged in the motion and it will be overruled.

*Overruled.*